UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEGGY S. LEGRANDE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-cv-2047 (Gottschall) |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **ANSWER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant UNITED STATES OF AMERICA answers the Complaint of Plaintiff PEGGY S. LEGRANDE as follows:

1. Whether jurisdiction exists states a conclusion of law that is respectfully referred to the Court for determination and as to which no response is required. To the extent a response is required, the United States denies that jurisdiction is proper.

2. Admitted.

3. Whether venue is proper in this Court states a conclusion of law that is respectfully referred to the Court for determination and as to which no response is required. To the extent a response is required, the United States denies that venue is proper. 28 U.S.C. § 1402(b).

4. Defendant United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4, and therefore denies them.

5. Admit that on February 10, 2006, Southwest Airlines (SWA) operated a Boeing 737 as SWA Flight 2745. Defendant United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 5, and therefore denies them.

6. Defendant United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore denies them.

7. Defendant United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore denies them.

8. Defendant United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore denies them.

9. Whether one party owes another party a duty to exercise reasonable care states a conclusion of law that is respectfully referred to the Court for determination and as to which no response is required. To the extent a response is required, the allegations are denied.

10. Denied.

11. Denied.

12. Denied.

The remainder of the Complaint is a "wherefore" clause which does not require a response; however, the United States denies that Plaintiff is entitled to any relief under it.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over this matter pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2680 (a) and (h).

3. The United States and its agents and employees exercised due care and diligence in all matters that are the subject of the Complaint.

4. The United States and its agencies and employees breached no duty of care to Plaintiff, and they committed no negligent acts or omissions.

5. No act or omission by any employee of the United States, while acting within the course and scope of his or her employment, even if negligent, was the proximate cause of any damage or loss alleged in the Complaint.

6. The damages and injuries allegedly sustained by Plaintiff were solely and proximately caused by the conduct of third persons or entities over which the United States had no control or right of control and for whom the United States is not legally responsible.

7. Any alleged liability on the part of Defendant United States, which alleged liability is expressly denied, is barred or reduced by the negligence, gross negligence, recklessness, assumption of the risk, and/or other fault of the Plaintiff, the pilots of the airplane, or other employees of Southwest Airlines.

8. The Southwest Airlines employees' negligence, gross negligence, recklessness, willful misconduct, and/or other fault constitutes an intervening, superseding cause which was not foreseeable, thus barring any alleged liability on behalf of the United States.

9. In the event the United States is found to be at fault in this matter, which fault is expressly denied, fault should be apportioned among and allocated to all parties, nonparties, persons, or entities at fault, including, but not limited to, present and future parties.

10. Plaintiff is not entitled to "costs of this action." 28 U.S.C. §§ 2412(b) & 2412(d)(1)(A).

11. Plaintiff is not entitled to prejudgment interest. 28 U.S.C. § 2674.

12. Plaintiff is not entitled to attorneys' fees. 28 U.S.C. §§ 1920, 2412.

WHEREFORE, the United States demands the dismissal of the Complaint and its costs, disbursements, the reasonable value of its attorneys' fees, and such other, further relief as the Court may deem just and proper.

DATED this 13th day of June, 2008.

                              Respectfully submitted,

                              GREGORY G. KATSAS
                              Acting Assistant Attorney General

                              PATRICK J. FITZGERALD
                              United States Attorney

                      EILEEN MARUTZKY
                      Assistant United States Attorney


                       /s Jill Dahlmann Rosa
                      JILL DAHLMANN ROSA
                      Trial Attorney
                      U.S. Department of Justice
                      Civil Division, Torts Branch
                      P.O. Box 14271
                      Washington, D.C.  20044-4271
                      TEL:  (847) 433-7361


OF COUNSEL:

STEVEN DUNN
Office of the Chief Counsel
Federal Aviation Administration
800 Independence Ave., S.W.
Washington, D.C.  20591

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed electronically with the Court and served, via the Court's ECF system, this 13th day of June, 2008, to the counsel who are Filing Users. The United States shall comply with Local Rule 5.5 as to any party who is not a Filing User or represented by a Filing User.

    /s Jill Dahlmann Rosa
Employee, U.S. Department of Justice